Martin S. King, Esq.
Worden Thane P.C.
111 North Higgins, Suite 600
P.O. Box 4747
Missoula, MT 59806-4747
Telephone:  (406) 721-3400
Facsimile:  (406) 721-6985

Richard L. Bolton, Esq.
Boardman & Clark, LLP
1 South Pinckney Street, 4th Floor
P.O. Box 927
Madison, WI 53701-0927
Telephone:  (608) 257-9521
Facsimile:  (608) 283-1709

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION ) <br> FOUNDATION, INC., ) <br> P. O. Box 750 ) <br> Madison, WI  53701, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHIP WEBER, FLATHEAD NATIONAL ) <br> FOREST SUPERVISOR ) <br> UNITED STATES FOREST SERVICE ) <br> 650 Wolfpack Way ) <br> Kalispell, Montana 59901, ) <br> ) <br> Defendant. ) <br> _____) | Cause No. CV12-19-m-DLB <br><br> **FREEDOM FROM RELIGION FOUNDATION'S PRELIMINARY PRETRIAL STATEMENT** |

Plaintiff, Freedom From Religion Foundation, Inc., by and through its counsel of record, hereby submits this Preliminary Pretrial Statement pursuant to Fed.R.Civ.P. 26 and in conformance with Rule 16.2(b)(1) of the Montana Local District Court Rules:

A.    **BRIEF FACTUAL OUTLINE OF CASE.**

Plaintiff, Freedom From Religion Foundation, Inc., on behalf of Montana members, alleges that a statue of Jesus Christ, on a plat of land owned and administered by the United States Forest Service, violates the Establishment Clause of the First Amendment to the Constitution of the United States.

B.    **ISSUES CONCERNING JURISDICTION AND VENUE.**

This Court has jurisdiction over the alleged constitutional violation pursuant to 28 U.S.C. §1331. Venue is appropriate in the District Court for the District of Montana, pursuant to 28 U.S.C. §1391, because the defendant resides within this judicial district and because the actions giving rise to the claims occurred within the District.

C.    **THE LEGAL AND FACTUAL BASIS OF THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT.**

The defendant, Chip Weber, initially determined that a statue of Jesus Christ on public land was inappropriate and should be removed, in a decision dated August 24, 2011. After intense criticism from religious groups and supporters of the religious statue, the defendant reconsidered his decision. The defendant then issued a new decision on January 31, 2012, authorizing a special use permit to the Knights of Columbus so as to maintain the Jesus statue on national forest land, near the top of Chair No. 2 within the Whitefish Mountain Resort permit boundary. The plaintiff contends that the statue of Christ, described by the Forest Service as a religious shrine, gives the appearance of religious endorsement by the Federal government, in violation of the Establishment Clause of the First Amendment to the United States Constitution.

E.  **COMPUTATION OF DAMAGES.**

The plaintiff is seeking equitable and injunctive relief, rather than compensatory damages.

F.  **PLAINTIFF'S REPORT ON EARLY NEUTRAL EVALUATION.**

Plaintiff believes it is unlikely that this case is amenable to early neutral evaluation and/or an early settlement conference.

G.  **PENDENCY OR DISPOSITION OF RELATED LITIGATION.**

The plaintiff is not aware of any related litigation.

H.  **PROPOSED STIPULATIONS OF FACT AND LAW.**

The plaintiff proposes the following stipulation of facts:

1. The continued presence of the statue of Jesus Christ on United States Forest Service property gives the appearance of governmental endorsement of religion.

2. The statue of Jesus Christ is readily identifiable as a patently religious figure.

I.  **PROPOSED DEADLINES FOR JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS.**

The plaintiff suggests a deadline of twenty (20) days after the Pretrial Conference for amendment of pleadings and/or joinder of any additional parties.

J.  **IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION.**

The plaintiff anticipates filing a summary judgment motion on the issue of religious endorsement in violation of the Establishment Clause.

K.   **INDIVIDUALS KNOWN OR BELIEVED TO HAVE INFORMATION.**

The defendant, Chip Weber, has knowledge of the facts relating to his initial decision to order removal of the Jesus statue from public land.  The defendant also has knowledge of the facts and circumstances relating to his later decision to reauthorize a special use permit to the Knights of Columbus to maintain the Jesus statue on National Forest Service land.

L.   **DOCUMENTS, DATA COMPILATIONS, OR TANGIBLE THINGS.**

The plaintiff has the following documents and intends to use the following intangible things in their case:

1. Pictures of the Jesus statue on land owned and administered by the United States Forest Service;

2. Knights of Columbus application for permit to erect a religious shrine overlooking the Big Mountain ski run in 1953;

3. Authorization by the Forest Service of the Knights of Columbus application to erect a religious shrine;

4. Forest Service reauthorization to the Knights of Columbus on February 3, 2000, to continue to provide a site for a religious shrine on Big Mountain;

5. Forest Service decision dated August 24, 2011 ordering removal of Jesus statue from public land;

6. Letter by the defendant Weber dated October 21, 2011 withdrawing his earlier decision of August 24, 2011;

7. Forest Service letter dated September 1, 2011 to the Montana Historic Preservation Office regarding Jesus statue;

8. Forest Service decision dated January 31, 2012 reauthorizing special use permit to the Knights of Columbus so as to maintain a statue of Jesus Christ on National Forest Service land; and

9. Documents produced by the other parties in discovery, including public comments received by the Forest Service relating to the Jesus statue.

## M. THE SUBSTANCE OF ANY INSURANCE AGREEMENT PROVIDING COVERAGE.

Plaintiff is not aware of any insurance coverage.

## N. PROSPECTS FOR COMPROMISE OR SETTLEMENT.

The plaintiff anticipates that this action is not amenable to compromise and/or settlement.

## O. SUITABILITY OF SPECIAL PROCEDURES.

The plaintiff requests no other special procedures than are outlined in the parties' Discovery Plan.

Dated this 29th day of May, 2012.

    Martin S. King, Esq.
    Worden Thane P.C.
    111 North Higgins, Suite 600
    P.O. Box 4747
    Missoula, MT 59806
    Telephone: (406) 721-3400
    Facsimile: (406) 721-6985
    E-Mail:

    */s/ Richard L. Bolton*
    Richard L. Bolton, Esq.
    Boardman & Clark LLP
    1 South Pinckney Street, 4th Floor
    Madison, WI 53701-0927
    Telephone: (608) 257-9521
    Facsimile: (608) 283-1709
    E-Mail: rbolton@boardmanclark.com
    Attorneys for Plaintiff

CERTIFICATE OF SERVICE

   I hereby certify that on May 29, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification electronically to all attorneys of record.

                */s/Rosalie G. Stapleton*
                Rosalie G. Stapleton

F:\DOCS\WD\26318\31\A1413246.DOCX