IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

DAVID B. GLAZER (D.C. 400966)
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
TEL:  (415) 744–6491
FAX: (415) 744-6476
e-mail:  david.glazer@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CHIP WEBER and UNITED STATES FOREST SERVICE,<br><br>　　Defendants. | No. 9:12-CV-00019 DLC<br><br>FEDERAL DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT<br><br><br>Date:　June 5, 2012<br><br>Time:　10:30 a.m.<br><br>Hon. Dana L. Christensen |

Federal Defendants submit this Preliminary Pretrial Statement, pursuant to the Court's Order of March 9, 2012 (ECF No. 7) and Local Rule 16.2(b)(1).

(A)  Factual Outline

The statue challenged by Plaintiffs in the proceeding has stood in its current location for almost 60 years without controversy or challenge — until last year, when the Forest Service considered renewing the Special Use Permit it issued to the Knights of Columbus, authorizing the statue. After initially denying the permit renewal request submitted by the Knights of Columbus, the Forest Service then granted the request based upon the historic value of the statue.

(B)  Jurisdiction and Venue

The Federal Defendants do not contest subject matter jurisdiction or venue in this district.

(C)  Claims and Defenses

As noted above, the challenged statue has remained in place without controversy for almost 60 years. Given the historic context of the statue, the lack of controversy surrounding it, and the lack of any evidence that other members of the public perceive it as an endorsement of religion, the renewal of the permit authorizing its placement does not violate the Establishment Clause.

In addition, to maintain this action in federal court under Article III of the U.S. Constitution, the burden remains on the plaintiff to demonstrate standing.

(D)  Legal Theories Underlying Claims and Defenses

Standing:  Plaintiffs must prove up the facts necessary to support a concrete and particularized claim of injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *accord Nuclear Info. & Res. Serv. v. NRC*, 457 F.3d 941, 951–55 (9th Cir. 2006).

Merits:  Purely "passive" displays, such as the statue at issue here, are evaluated under a flexible test that takes into account a variety of factors, including

the physical setting of the monument, its history, and the public's perception of it. *See Van Orden v. Perry*, 545 U.S. 677, 702–03 (2005).

(E)   Damages

Not applicable.

(F)   Related Litigation

None.

(G)   Factual Stipulations

The Federal Defendants intend to submit the administrative record underlying the Forest Service's decision by June 4, 2012. Based upon the contents of that record, the parties will likely be able to stipulate to certain facts concerning the history of the statue and its authorizations by the Forest Service. Discovery and testimony beyond the administrative record may be required concerning the statue's physical setting, history, and public perception. Discovery may also be necessary concerning Plaintiff's standing.

(H)   Joinder of Parties and Amendment of Pleadings

The Federal Defendants do not anticipate joining any other parties or amending their answer. A deadline for joinder or amendments of twenty days following the initial Pretrial Conference would be acceptable. The Federal Defendants understand that the Knights of Columbus are considering moving to intervene in this action. The Federal Defendants take no position on such intervention, except to note that defense of the Forest Service's decision in this case is ultimately the responsibility of the federal government, which retains the discretion to manage the defense of this lawsuit in the best interests of the United States.

(I)   Controlling Issues of Law Suitable for Pretrial Disposition

The Federal Defendants believe that the propriety of the Forest Service's action in this matter is governed by the *Van Orden* test, which may be amenable to disposition on summary judgment, but may require further factual development

beyond the administrative record, including limited discovery.

    (J)    <u>Settlement</u>

The Forest Service remains open to the possibility of settlement.

    (K)    <u>Special Procedures</u>

The Federal Defendants do not suggest any additional procedures at this time.

    (L)    <u>Knowledgeable Individuals and Documents, Data Compilations, and Tangible Things</u>

The Federal Defendant intend to submit the administrative record in this matter on or before June 4, 2012.  The record contains the documentary evidence that the Federal Defendants maintain relevant to this matter.  Individuals at the Forest Service may have knowledge of current matters addressed by administrative record documents, but discovery of such individuals is generally not permissible under the Administrative Procedure Act, 5 U.S.C. §§ 701–706.  *See United States v. Morgan*, 313 U.S. 409, 421–22 (1941); *Morgan v. United States*, 304 U.S. 1, 18 (1938).

    (M)    <u>Insurance Coverage</u>

Not applicable.

                              Respectfully submitted,

DATED:  May 29, 2012         IGNACIA S. MORENO
                                      Assistant Attorney General

                                      /s/*David B. Glazer*
                                      DAVID B. GLAZER
                                      Natural Resources Section
                                      Environment & Natural Resources Division
                                      United States Department of Justice
                                      301 Howard Street, Suite 1050
                                      San Francisco, California
                                      Tel:   (415) 744-6491
                                      Fax:   (415) 744-6476
                                      E-mail:  David.Glazer@usdoj.gov

                                      *Attorneys for Federal Defendant*

OF COUNSEL

Alan J. Campbell
Office of General Counsel
U.S. Department of Agriculture

## CERTIFICATE OF SERVICE

    I, David B. Glazer, hereby certify that I have caused the foregoing to be served upon counsel of record through the Court's electronic service system.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 29, 2012                /s/*David B. Glazer*
                                              David B. Glazer