## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

Freedom From Religion Founda-
tion, Inc.,

    *Plaintiff,*

  v.

Chip Weber, Flathead National
Forest Supervisor; and

United States Forest Service, an
Agency of the United States
Department of Agriculture

    *Defendants,*

  and

Knights of Columbus (Kalispell
Council No. 1328), William Glid-
den, Raymond Leopold, Norman
DeForrest, and Eugene Thomas,

    *Defendant-Intervenors.*

Case No. 9:12-cv-19-DLC

## ANSWER OF DEFENDANT-INTERVENORS

Defendant-Intervenors Knights of Columbus (Kalispell Council No.

1328), William Glidden, Raymond Leopold, Norman DeForrest, and Eu-

gene Thomas (hereafter, "Intervenors") respond to Plaintiff's complaint as follows:

1.    Paragraph 1 of the Complaint contains a description of Plaintiff's claims to which no response is required.

2.    Paragraph 2 of the Complaint contains a description of Plaintiff's requests for relief to which no response is required. To the extent a further response is necessary, Intervenors deny that Plaintiffs are entitled to any relief whatsoever.

3.    Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a further response is necessary, Intervenors deny that Plaintiff is entitled to any relief whatsoever, and specifically deny that Plaintiff can be afforded any relief in this action under 28 U.S.C. § 1343.

4.    Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5.    Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore deny the same.

2

7.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore deny the same.

8.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore deny the same.

9.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore deny the same.

10.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore deny the same.

11.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore deny the same.

12.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore deny the same.

13.    Intervenors admit the allegations set forth in Paragraph 13 of the Complaint.

14. Intervenors admit the allegations set forth in Paragraph 14 of the Complaint.

15. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore deny the same.

16. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore deny the same.

17. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore deny the same.

18. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore deny the same.

19. Intervenors admit that the Knights of Columbus applied for a permit to erect a monument overlooking a Big Mountain ski run in 1953. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the ownership and administration of Big Mountain set forth in Paragraph 19 of the Com-

4

plaint and therefore deny the same. Intervenors deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains a description of a document that speaks for itself and is the best evidence of its content. Intervenors deny any allegations in Paragraph 20 of the Complaint that are inconsistent with the plain language and context of that document.

21. Intervenors admit that the Knights of Columbus carried out the idea for placing a monument on Big Mountain. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Intervenors admit that membership in the Knights of Columbus is open only to men 18 years of age or older who are practicing Catholics in union with the Holy See and that Church-related activities are central to its work as as an organization of Catholic laymen. Intervenors deny any remaining allegations set forth in Paragraph 22 of the Complaint.

23. Intervenors admit that membership in the Knights of Columbus is open only to men 18 years of age or older who are practicing Catholics in union with the Holy See, and who accept the teaching authority of

5

the Catholic Church on matters of faith and morals, aspire to live in ac-
cord with the precepts of the Catholic Church, and are in good standing
in the Catholic Church. Intervenors deny any remaining allegations set
forth in Paragraph 23 of the Complaint.

24.  Intervenors admit that the Knights of Columbus have placed
monuments at locations throughout the United States, including on its
own real estate holdings. Intervenors deny any remaining allegations
set forth in Paragraph 24 of the Complaint.

25.  Intervenors admit that on October 15, 1953, the United States
Forest Service granted the application by the Knights of Columbus to
erect a monument on Big Mountain without requiring a payment.
Intervenors deny any remaining allegations set forth in Paragraph 25 of
the Complaint.

26.  Intervenors admit that the Forest Service has allowed the stat-
ue of Jesus overlooking the Big Mountain ski run to remain since 1954.
Intervenors deny any remaining allegations set forth in Paragraph 26 of
the Complaint.

27.   Intervenors admit that, as of February 3, 2000, the Forest Ser-
vice authorized the presence of the statue authorized in the 1953 Spe-
cial Use Permit. The remaining allegations set forth in Paragraph 27 of

6

the Complaint appear to quote from an unidentified document, which speaks for itself and is the best evidence of its content. Intervenors deny any allegations in Paragraph 27 of the Complaint that are inconsistent with the plain language and context of that document.

28.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore deny the same.

29.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore deny the same.

30.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore deny the same.

31.  The allegations set forth in Paragraph 31 of the Complaint purport to characterize the Forest Service's August 24, 2011 letter to the Knights of Columbus, which speaks for itself and is the best evidence of its content. Intervenors deny any allegations in Paragraph 31 of the Complaint that are inconsistent with the plain language and context of that document.

32. Intervenors admit that the Forest Service's August 24, 2011 letter to the Knights of Columbus engendered public response and that United States Representative Danny Rehberg expressed interest in the matter. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and therefore deny the same.

33. Intervenors lack knowledge or information sufficient to form a belief about the first clause of Paragraph 33 and therefore deny the same. Intervenors admit that on October 21, 2011, the Forest Service withdrew its August 24, 2011 decision. The remaining allegations set forth in Paragraph 33 purport to describe the Forest Services' October 21, 2011 letter to the Knights of Columbus, which speaks for itself and is the best evidence for its content. Intervenors deny any allegations that are inconsistent with the plain language and context of that document.

34. Intervenors lack knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 34 of the Complaint and therefore deny the same.

35. Intervenors deny the allegations set forth in Paragraph 35 of the Complaint.

36. The allegations set forth in Paragraph 36 of the Complaint purport to characterize the Forest Service's October 21, 2011 letter to the Knights of Columbus, which speaks for itself and is the best evidence of its content. Intervenors deny any allegations in Paragraph 36 of the Complaint that are inconsistent with the plain language and context of that document.

37. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Complaint and therefore deny the same.

38. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Complaint and therefore deny the same.

39. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore deny the same.

40. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore deny the same.

41.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore deny the same.

42.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore deny the same.

43.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Complaint and therefore deny the same.

44.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore deny the same.

45.  Intervenors admit that, on January 31, 2012, the Forest Service issued a new decision concerning the statue. Interveors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first clause of Paragraph 45 of the Complaint and therefore deny the same. The final clause of Paragraph 45 purports to characterize the Forest Service's January 31, 2012 decision, which speaks for itself and is the best evidence of its content. Intervenors deny

10

any allegations that are inconsistent with the plain language and context of that document.

46. Intervenors admit that the Forest Service's January 31, 2012 decision reauthorized the presence of the statue. The remaining allegations set forth in Paragraph 46 of the Complaint purport to characterize the January 31, 2012 decision, which speaks for itself and is the best evidence of its content. Intervenors deny any allegations that are inconsistent with the plain language and context of that document.

47. The allegations set forth in Paragraph 47 of the Complaint purport to characterize the Forest Service's January 31, 2012 decision, which speaks for itself and is the best evidence of its contents. Intervenors deny any allegations that are inconsistent with the plain language and context of that document.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required.

49. Intervenors deny the allegations set forth in Paragraph 49 of the Complaint.

50. Intervenors deny the allegations set forth in Paragraph 50 of the Complaint.

51.  Intervenors deny the allegations set forth in Paragraph 51 of the Complaint.

52.  Intervenors deny the allegations set forth in Paragraph 52 of the Complaint.

53.  Intervenors deny the allegations set forth in Paragraph 53 of the Complaint.

54.  Intervenors deny the allegations set forth in Paragraph 54 of the Complaint.

55.  Paragraph 55 of the Complaint contains legal conclusions to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 55 of the Complaint and therefore deny the same.

56.  Paragraph 56 contains legal conclusions to which no response is required. To the extent a further response may be necessary, Intervenors deny the allegations set forth in Paragraph 56 of the Complaint.

57.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore deny the same.

58. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 of the Complaint and therefore deny the same.

59. Intervenors deny the allegations set forth in Paragraph 59 of the Complaint.

In response to Plaintiff's prayers for relief, Intervenors deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. This Court lacks subject matter jurisdiction over Plaintiff's claims.

3. Plaintiff lacks Article III standing.

4. Plaintiff lacks prudential standing.

Dated: May 29, 2012                    Respectfully submitted,

                                       _____
                                       Charles A. Harball
                                       (Montana Bar # 2841)
                                       201 1st Ave. East
                                       Kalispell, MT 59901
                                       Telephone: (406) 758-7709
                                       Facsimile: (406) 758-7758

                                       Eric C. Rassbach (*pro hac* pending)
                                       Eric S. Baxter (*pro hac* pending)

13

The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20007
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 29, 2012, I served the foregoing *Answer*

*of Defendant-Intervenors* via Federal Express on the following:

David B. Glazer
U.S. DEP'T OF JUSTICE
301 Howard Street
Suite 1050
San Francisco, CA 94105

Mark Steger Smith
OFFICE OF THE U.S. ATT'Y
2929 3rd Ave. North, Ste. 400
P.O. Box 1478
Billings, MT 59103-1478

Martin S. King
Reid Perkins
WORDEN THANE
P.O. Box 4747
Missoula, MT 59806-4747
406-721-3400
Fax: 721-6985

Richard L. Bolton
BOARDMAN & CLARK, LLP
1 South Pinckney Street, 4th
Floor
P.O. Box 927
Madison, WI 53701-0927

Respectfully submitted,

Marie Peralta