IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., a Wisconsin non-profit corporation, | ) ) ) ) | CV 12-19-M-DLC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| CHIP WEBER, Flathead National Forest Supervisor; UNITED STATES FOREST SERVICE, An Agency of the United States Department of Agriculture, | ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| WILLIAM GLIDDEN, RAYMOND LEOPOLD, EUGENE THOMAS, NORMAN DeFORREST, and the KNIGHTS OF COLUMBUS, | ) ) ) ) ) ) | |
| Defendant-Intervenors. _____ | ) ) | |

1

Before the Court is a motion to intervene in this matter filed by the Knights of Columbus and four individual members of Kalispell Council 1328 of the Knights of Columbus (collectively, the "Knights of Columbus"). The Knights of Columbus hold the special use permit issued by the United States Forest Service for the placement on Forest Service land of the statue representing Jesus Christ that is at the center of this litigation. They seek to intervene as a matter of right or, in the alternative, permissively under Fed. R. Civ. P. 24(a) and (b). Plaintiff Freedom From Religion Foundation, Inc., does not oppose the motion. The Federal Defendants would not take a position on the motion when contacted by counsel for the Knights of Columbus, but apparently advised that they are likely to file a statement of non-opposition in the near future.

>An applicant for intervention as of right must demonstrate the following:
>
>(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004); see also Fed. R. Civ. P. 24 (a). The Knights of Columbus have satisfied these requirements. As the holder of the special use permit authorizing the current placement of the statute, they have a significant protectable interest in the subject

matter of this action.  Should the Plaintiff obtain the relief it seeks, the resulting removal of the statute from federal land would constitute a serious impairment of the ability of the Knights of Columbus to protect their interest in the special use permit.  This matter has not been set for trial and no pretrial schedule is yet in place; thus, the application to intervene is timely.

Finally, there exists a possibility that the Federal Defendants may not adequately represent the interests of the Knights of Columbus.  In fact, the Forest Service initially declined to renew the special use permit for the statue in 2011, before ultimately reversing itself and approving the permit.  Ex. 3 to Glidden Decl. (Doc. 15-1 at 13).  The stated reason for the Forest Service's initial denial of the renewal was that the statute is a religious shrine and that its current placement is an "inappropriate use of public land" under the Establishment Clause of the First Amendment.  Id. at 15.   Although the Forest Service eventually relented and renewed the special use permit, under the circumstances the Court has no difficulty finding that the Knights of Columbus have a perspective that is socially and legally distinct from that of the Federal Defendants, and that the Federal Defendants may not adequately represent the interests of the Knights of Columbus in this matter, particularly as it relates to First Amendment issues.

Accordingly, IT IS HEREBY ORDERED that the motion to intervene filed

by the Knights of Columbus (Doc. No. 14) is GRANTED, and the caption is modified as reflected above. The Clerk of this Court is directed to file the lodged Answer of Defendant-Intervenors.

IT IS FURTHER ORDERED that the Knights of Columbus shall file separate motions for each individual attorney for which they seek admission *pro hac vice*. The motion for *pro hac vice* admission currently lodged with the Court will not be filed.

IT IS FURTHER ORDERED that the Defendant-Intervenors shall file a preliminary pretrial statement addressing all matters listed in Local Rule 16.2(b)(1) on or before June 4, 2012.

DATED this 31st day of May, 2012.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court