IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., a Wisconsin non-profit corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIP WEBER, Flathead National Forest Supervisor, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>    Defendants,<br><br>  and<br><br>WILLIAM GLIDDEN, RAYMOND LEOPOLD, EUGENE THOMAS, NORMAN DeFORREST, and the KNIGHTS OF COLUMBUS (KALISPELL COUNCIL 1328),<br><br>    Defendant-Intervenors. | Case No. CV 12-19-M-DLC<br><br><br>**DEFENDANT-INTERVENORS' PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16.2(b)(1), and this Court's Order of May 31, 2012, Defendant-Intervenors William Glidden, Raymond Leopold, Eugene Thomas, Norman DeForrest, and the Knights of Columbus (Kalispell Council 1328) (collectively, "Intervenors") submit the following Preliminary Pretrial Statement:

**A. Factual Outline**

Nearly sixty years ago, the Knights of Columbus obtained a permit from the Forest Service to install a war memorial on Big Mountain near Whitefish, Montana, to honor soldiers killed in World War II. The permit is for a 25-foot by 25-foot plot of land that sits on a commercial ski slope that is also authorized by Forest Service permit. The Knights of Columbus erected the monument at the request of veterans from the Army's 10th Mountain Division who participated in the National Ski Championships at Big Mountain after the war. The monument is in the form of a statue of Jesus and has stood without controversy at the same location since its installation in 1955. The monument is a historical and cultural landmark for local residents and for visitors who come to ski or hike on the mountain. It also continues to serve as a reminder of the sacrifices made by soldiers in World War II.

**B. Jurisdiction and Venue**

Intervenors contend that the Court lacks subject matter jurisdiction due to Plaintiff's lack of standing. Intervenors do not contest venue in this district.

**C. Factual Basis for Defenses**

The memorial is privately owned, stands unattended on property leased to a private organization, and is maintained by residents of the Kalispell area. It stands in the middle of a commercial ski slope, which is also under permit from the Forest Service and on which a wide variety of private speech and private conduct are

allowed. The monument was erected as a war memorial and serves also as a point of interest for skiers and hikers on the mountain. Since the monument is Intervenors' speech, not the government's, there is nothing to suggest that the memorial comprises a government endorsement of religion.

In addition, Plaintiff—a Wisconsin corporation—has failed to allege any facts to show that it has standing to challenge the Forest Service's permit allowing the statue to remain where it has stood in Montana without controversy for the last sixty years.

**D. Legal Theories Underlying Defenses**

Plaintiffs bear the burden of establishing standing to challenge the Forest Service's permit to the Knights of Columbus. *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Nuclear Info. & Res. Serv.* v. *NRC*, 457 F.3d 941, 951-55 (9th Cir. 2006).

Unattended displays erected by private parties in an open forum far from any apparent indicia of government and under a religiously neutral permitting policy do not violate the Establishment Clause. *Van Orden* v. *Perry*, 545 U.S. 677 (2005); *Capitol Square Review and Advisory Bd.* v. *Pinette*, 515 U.S. 753 (1995); *Kreisner* v. *City of San Diego*, 1 F.3d 775 (9th Cir. 1993).

**E. Damages**

Plaintiff seeks injunctive relief only.

**F. Related State or Federal Cases**

None.

**G. Proposed Stipulations of Fact and Applicable Law**

Intervenors propose the following stipulations of fact:

1. The memorial is privately owned and maintained by residents of the Kalispell area.

2. The memorial comprises private, not government, speech.

3. The memorial stands on Big Mountain within the Whitefish Mountain Resort Ski Area.

4. The Whitefish Mountain Resort is privately owned and operated.

5. The upper end of the Whitefish Mountain Resort Ski Area, including where the memorial stands, is on public land.

6. The Whitefish Mountain Resort operates the portions of its ski slopes that are on public land pursuant to a permit from the U.S. Forest Service.

This matter is governed by federal law.

**H. Proposed Deadlines for Joinder of Parties and Amendment of Pleadings**

A deadline for joining parties and amending pleadings twenty days after the initial pretrial conference is acceptable to Intervenors.

**I. Controlling Issues of Law Suitable for Pretrial Disclosure**

Intervenors anticipate that this matter can be resolved on motion to dismiss or on summary judgment.

**J. Status of Settlement Discussions and Prospects for Compromise**

Intervenors remain open to the possibility of settlement.

**K. Suitability of Special Procedures**

Intervenors do not propose any special procedures at this time.

Dated: June 4, 2012               Respectfully submitted,


                                   s/ *Charles A. Harball*
                                  Charles A. Harball
                                  (Montana Bar # 2841)
                                  201 1st Ave. East
                                  Kalispell, MT 59901
                                  Telephone: (406) 758-7709
                                  Facsimile: (406) 758-7758

                                  Eric C. Rassbach (*pro hac* pending)
                                  Eric S. Baxter (*pro hac* pending)
                                  The Becket Fund for Religious Liberty
                                  3000 K St. NW, Suite 220
                                  Washington, DC 20007
                                  Telephone: (202) 955-0095
                                  Facsimile: (202) 955-0090

                                  *Counsel for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

I certify that, on June 4, 2012, I served the foregoing *Defendant-Intervenors' Preliminary Pretrial Statement* via the Court's ECF system on all counsel of record.

                                          Respectfully submitted,

                                           s/ *Charles A. Harball*
                                           Charles A. Harball