IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., a Wisconsin non-profit corporation, | ) ) ) | CV 12-19-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHIP WEBER, Flathead National Forest Supervisor; UNITED STATES FOREST SERVICE, An Agency of the United States Department of Agriculture, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM GLIDDEN, RAYMOND LEOPOLD, EUGENE THOMAS, NORMAN DeFORREST, and the KNIGHTS OF COLUMBUS, | ) ) ) ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| _____ | ) | |

1

A preliminary pretrial conference in this case was held on June 5, 2012, in Missoula, Montana.  Plaintiff was represented by Martin King, Reid Perkins, and Richard Bolton.  The Federal Defendants were represented by David Glazer and Mark Steger Smith.  The Defendant-Intervenors were represented by Charles Harball and Eric Baxter.  After discussion and upon the agreement of the parties, the following order is entered.

1.      The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Deadline for amending pleadings: | June 29, 2012 |
| Disclosure of Liability Experts: | October 1, 2012 |
| Discovery deadline: | November 1, 2012 |
| Deadline for all motions other than motions for summary judgment (fully briefed): | January 4, 2013 |
| Plaintiff files optional opening brief in support of motion for summary judgment: | January 4, 2013 |
| Defendants and Defendant-Intervenors file optional combined opening brief in support of cross-motion for summary judgment and response to Plaintiff's motion: | January 18, 2013 |
| Plaintiff files combined response/reply: | February 1, 2013 |
| Defendants and Defendant-Intervenors file reply: | February 15, 2013 |

Attorney conference to prepare
Final Pretrial Order:                          week of February 25, 2013

E-file Final Pretrial Order,
Proposed Findings of Fact &
Conclusions of Law, and
trial briefs and e-mail
to dlc_propord@mtd.uscourts.gov
(trial briefs are optional):                 March 4, 2013

Notice to court reporter of
intent to use real-time:                     March 4, 2013

Notice to I.T. supervisor of
intent to use CD-ROM or
video-conferencing:                          March 4, 2013

Final pretrial conference:                   March 11, 2013 at 8:30 a.m.
                                             Russell Smith Courthouse
                                             Missoula, Montana

Bench trial:                                 March 11, 2013, immediately following
                                             Final Pretrial Conference[1]
                                             Russell Smith Courthouse
                                             Missoula, Montana

**Continuance of the above deadlines will not be granted, absent compelling**

**reasons.**  A continuance of any deadline set by this order does <u>not</u> extend any

other deadline, particularly the motions deadline or trial deadline.

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict.  Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**IT IS FURTHER ORDERED:**

**2.  Local Rules and electronic filing**.  All counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  All counsel must show cause if they are not filing electronically.  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  <u>See also</u> L.R. 1.4.

**3.  Service by e-mail for parties not filing electronically**.  Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing.  <u>See</u> L.R. 1.4(c)(3).

**4.  Stipulations**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the following facts are admitted and agreed upon:

    a.    The memorial is privately owned and maintained by residents of the Kalispell area.

    b.    Wintersports, Inc., which is a privately owned entity, operates the Whitefish Mountain Resort.

    c.    The upper end of the Whitefish Mountain Resort Ski Area, where the memorial stands, is on public land.

    d.    Defendant Chip Weber is the Forest Service Supervisor for the Flathead National Forest, with his principal office located at 650 Wolf Pack Way, Kalispell, Montana, 59901.

e.     The office of Defendant Weber is located within the geographic authority of the District Court for the District of Montana.

f.     Tom Tidwell is the United States Forest Service Chief.

g.     Tom Vilsack is the Secretary of the United States Department of Agriculture.

h.     The Flathead National Forest, including Big Mountain, is located west of the Continental Divide and south of the Canadian border, within the Rocky Mountains.

i.     The Flathead National Forest receives visitors.

j.     In 1953, the Knights of Columbus submitted an application to the Forest Service for a permit to use National Forest land.

k.     A permit was issued by the Forest Service to the Knights of Columbus in 1953.

l.     A monument including a statue depicting Jesus Christ was placed on the site in 1954.

m.     The special use permit was renewed in 1990 and 2000 for ten year terms.  AR A-25, A-27.

n.     In 2010 the Knights of Columbus sought another ten year renewal of the permit authorizing the monument.

o.   On August 24, 2011, the Forest Service sent the Knights of Columbus a letter denying their request for renewal of the special use permit. AR A-18.

p.   On October 21, 2011, the Forest Service withdrew its earlier decision denying the special use permit and stated its intent to "formally seek public comment on a proposed action for reissuing the permit in the next few weeks."  AR A-12.

q.   The request for comments on the special use permit renewal generated extensive public comment and interest.  The Forest Service received approximately 95,000 comments during the comment period from October 19, 2011, to December 8, 2011.  AR A-05.

r.   In a "Decision Memo" dated January 31, 2012, the Forest Service issued a new decision to re-authorize the Knights of Columbus Special Use Permit for a period of ten years.  AR A-04.

**5.  Discovery exhibits**.  <u>During discovery, the exhibits shall be numbered seriatim.</u> Numbers used for exhibits during discovery shall be identically used at trial.

**6.  Foundation & authenticity of discovery items**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery.

6

However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.  All other objections are reserved for trial

**7.  Supplementation of discovery responses**.  Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**8.  Experts**.  The parties informed the Court that they expect to engage experts in the following areas: Historian.

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**9.  Expert disclosure**.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert

7

is expected to testify.  Expert reports must satisfy the specific requirements of Fed.

R. Civ. P. 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule

26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in

paragraph 1, or the objection will be deemed waived.  <u>An inadequate report or

disclosure may result in exclusion of the expert's opinions at trial even though the

expert has been deposed</u>.  In this regard, a treating physician is not considered an

expert witness unless the testimony offered by the treating physician goes beyond

care, treatment and prognosis.  If the treating physician's testimony goes beyond

care, treatment and prognosis then there must be full compliance with the

discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written

report under Rule 26(a)(2)(B), a party must serve a disclosure, identifying the

evidence and stating:

(i) the subject matter on which the witness is expected to present

evidence under Fed. R. Civ. Evid. 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is

expected to testify.

**10. Rebuttal experts**.  Any evidence intended solely to contradict or rebut

evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

11.  **Supplementation of incomplete or incorrect expert reports**.  Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

12.  **Motions**.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all motions other than motions for summary judgment shall be fully briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court.  The parties are not required to filed cross-motions for summary judgment, but if they choose to do so, those motions will be governed by the briefing schedule set forth in Paragraph 1.

13.  **Unopposed motions.**  Unopposed motions shall be accompanied by a

proposed order, separate from the motion.  The proposed order shall be a Word
Perfect document with 14-point Times New Roman font, and there shall be no
code or formatting in the case caption in the proposed order.  The proposed order
shall be e-filed under the heading "Text of Proposed Order" and e-mailed to
dlc_propord@mtd.uscourts.gov.  Failure to comply with this procedure will result
in delayed resolution of the unopposed motion.

14.  **Hearings & oral arguments**.  Parties shall provide an alphabetized index of
cases expected to be referenced, with citations, to the Court Reporter immediately
prior to any oral argument or hearing.

15.  **Bench trial**.  Bench trial of this case shall be conducted in Missoula,
Montana, before the Honorable Dana L. Christensen.

16.  **Attorney conference for trial preparation**.  If the case does not settle,
counsel for the plaintiff shall convene an attorneys' conference during the week
indicated in paragraph 1, or before, to complete the Final Pretrial Order, to
exchange exhibits and witness lists, and to complete or plan for the completion of
all items listed in L.R. 16.5(b).  The Final Pretrial Order shall comply with the
form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.
Except for relevancy, objections to the use or designation of deposition testimony
are waived if they are not disclosed on the opposing party's witness list, and

10

objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  <u>See generally</u> Forms D, E, and F, Local Rules Appendix C.

**17.  Trial Exhibits**.

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

(d)     Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>.  An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as

described in (b), above.  The electronic files and paper copy shall be delivered to the chambers of Judge Dana L. Christensen on or before the date of the final pretrial conference.

(f)  <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

18. **Final pretrial order**.  The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word Perfect format to dlc_propord@mtd.uscourts.gov.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

19. **Final pretrial conference**.  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party should bring Judge Christensen's copy of its trial exhibits if a copy has not already been delivered to chambers.

20. **Trial briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

21. **Proposed Findings of Fact & Conclusions of Law.**

(a)  The parties shall jointly prepare one copy of proposed Findings of

Fact upon which they agree, with citations to the record for each Finding of Fact. Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which parties cannot reach agreement.

(b)   The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law.  Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

The parties should e-file the Proposed Findings of Fact & Conclusions of Law and e-mail a copy in Word Perfect format to dlc_propord@mtd.uscourts.gov on the date indicated in paragraph 1.

**22.  Calling witnesses at trial**.

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, <u>see</u> Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken; and

d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 13th day of June, 2012.

_Dana L. Christensen_

Dana L. Christensen, District Judge
United States District Court