IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., <br> P. O. Box 750 <br> Madison, WI  53701, <br><br> Plaintiff, <br><br> vs. <br><br> CHIP WEBER, FLATHEAD NATIONAL FOREST SUPERVISOR <br> UNITED STATES FOREST SERVICE <br> 650 Wolfpack Way <br> Kalispell, Montana 59901, <br><br> Defendant. <br><br> and <br><br> WILLIAM GLIDDEN, RAYMOND LEOPOLD, EUGENE THOMAS, NORMAN DeFORREST, and the KNIGHTS OF COLUMBUS, <br><br> Defendant-Intervenors. | Cause No. CV12-19-m-DLB <br><br> **PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS AND IN SUPPORT OF ALTERNATIVE MOTION TO AMEND** |

I.   INTRODUCTION.

The plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), opposes the Motion to Dismiss by the intervening defendant, Knights of Columbus ("KOC").  Based on the Declaration of William A. Cox, submitted at this time, FFRF does have associational standing in order to proceed with the matter.

This action for injunctive and declaratory relief against the Forest Service arises from the decision of defendant Chip Weber to allow a religious statue to remain on public land under the jurisdiction of the Forest Service.  In order for FFRF to have associational standing to sue on

**Plaintiff's Brief in Opposition to Motion to Dismiss**                                                    **Page 1 of 10**

behalf of its members, FFRF must present evidence that at least one member has had and will have unwanted exposure to the religious display.  The Declaration of Mr. Cox, submitted in opposition to the Motion to Dismiss, satisfies FFRF's evidentiary burden.  (The executed signature page by Mr. Cox will be filed upon return receipt.)

FFRF can meet its burden to sustain its associational standing by the submission or affidavits or declarations.  KOC relies heavily on the Supreme Court's decision in <u>Summers v. Earth Island Institute</u>, 555 U.S. 488 (2009), in support of its Motion.  The <u>Summers</u> decision, however, does not hold that proof of organizational standing cannot be met with declarations; the problem in <u>Summers</u> was that the substance of the submitted affidavits were not sufficient to show past and future contact with an affected area of public land.

<u>Summers</u> also does not hold that individual members of an organization must be named parties as a necessary condition for associational standing.  The relief requested in the present case, moreover, does not require individuals to participate as parties, including because the unwanted exposure to a religious display can be redressed by the equitable relief demanded by FFRF.

If the Court concludes that the pending Complaint is insufficient to support FFRF's associational standing, however, then FFRF moves the Court alternatively for leave to file the Amended Complaint, submitted herewith, which specifically names Mr. Cox as a party and with specific allegations relating to his own unwanted past and future exposure to the religious statue on the Forest Service's land.

Finally, counsel for FFRF, specifically Attorney Bolton, apologizes for his oversight in not providing an identification of specific FFRF members with unwanted exposure to the Jesus statue, including Mr. Cox.  After the hearing before the Court on June 12, 2012, the parties

worked cooperatively to determine a Joint Stipulation of Agreed Upon Facts, which the parties jointly filed on June 5, 2012.  In the meantime, Attorney Bolton neglected to provide a list of affected FFRF members.  Attorney Bolton apologizes for this oversight, which is now corrected, including, with concurrent submission of the Declaration of Mr. Cox.

## II.   FFRF HAS ORGANIZATIONAL STANDING BASED ON THE STANDING OF INDIVIDUAL MEMBERS.

An organization may sue on behalf of its members "when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  Pacific Rivers Council v. United States Forest Service, 2012 U.S. App. LEXIS 12553 at 20 (9th Cir., June 20, 2012), quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 181 (2000).  To have standing to seek injunctive relief under Article III, therefore, FFRF must identify at least one member who would have standing in his own right, which requires a member to show "that he is under threat of suffering 'injury in fact' that is 'concrete and particularized'; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Pacific Rivers Council, 2012 U.S. App. LEXIS 12553 at 21, quoting Laidlaw, 528 U.S. at 180-81.

KOC contends that FFRF has failed to allege in its Complaint a "concrete and particularized" injury that is "actual or imminent" as to a specific member.  The Declaration of FFRF's member, William A. Cox, submitted herewith, fully satisfies the requirement that FFRF have within in its membership at least one member who would otherwise have standing to sue in his own right.  Individual members do not have to be named as parties in order to support organizational standing, but the organization must establish by affidavit or declaration that at

**Plaintiff's Brief in Opposition to Motion to Dismiss**                                                   **Page 3 of 10**

least one member would have individual standing.  Here, FFRF satisfies its burden with the Declaration of Mr. Cox.

KOC unpersuasively relies on the Supreme Court's decision in Summers v. Earth Island Institute, 555 U.S. 488, 129 S. Ct. 1142 (2009).  In that environmental action, the plaintiff's supporting affidavit made only a general statement that members would visit national forests in the future and might come in contact with a parcel that had been approved for timber cutting without an Environmental Impact Statement.  The Supreme Court concluded that there was only a remote chance, "hardly a likelihood," that such member visits would bring plaintiffs into contact with land affected by challenged regulations.  Id at 1150.

One year after Summers, the Ninth Circuit held in Wilderness Society, Inc. v. Rey, 622 F.3d 1251 (9th Cir. 2010), that a plaintiff organization lacked standing to challenge a National Forest Service regulation where a member of the plaintiff organization expressed only a general intention to return to the particular national forest area for recreational use.  Id at 1256.  The Court held that Summers demands more than a showing of a general intention of returning to a national forest.  The member must show that he is likely to encounter an affected area in his future visits to the forest area at issue.  To sustain standing, the Court held, "it would be sufficient to show that Anderson [member] had repeatedly visited an area affected by a project, that he had concrete plans to do so again, and that his recreational or aesthetic interests would be harmed if the project went forward without his having the opportunity to appeal."  Id at 1256.

The Declaration of Mr. Cox establishes himself in this case as an FFRF member that has had frequent and regular unwanted contact with the Jesus statue at issue on public land.  Mr. Cox lives only 15 miles from the Big Mountain and he regularly skis there each winter.  He also expresses a definite intent to continue skiing on Big Mountain this next winter.  This past and

future exposure to the Jesus statue is sufficient to establish a member of FFRF that would have standing to sue in his own right under the standard applied by the Supreme Court in Summers and in subsequent Ninth Circuit precedents.  As in Pacific Rivers Council, 212 U.S. App. LEXIS 12553 at 24-25, Mr. Cox has clearly stated that he has used in the past, and will continue to use in the future, the ski area impacted by the Jesus statue, which is sufficient to establish standing.

Standing exists for individuals who have unwelcome direct contact with an offensive religious display on public land.  The Ninth Circuit reiterated in Catholic League for Religious and Civil Rights v. San Francisco, 624 F.3d 1043, 1050 (9th Cir. 2010), that standing has been consistently upheld on the basis of contact with religious messages of endorsement, including in numerous display cases.  Unwelcome direct contact, without avoidance, moreover, is enough to establish a legally cognizable injury and, therefore, standing.  Vasquez v. Los Angeles, 487 F.3d 1246, 1250 n. 4 (9th Cir. 2007).  The Court held in Vasquez that even where avoidance is absent, "in the Establishment Clause context, special harm resulting from the unwelcome direct contact with an allegedly offensive religious (or anti-religious) symbol is a legally cognizable injury and suffices to confer Article III standing."  Id at 1253.

FFRF member William Cox, in the present case, has shown the direct unwanted contact with the offensive religious display on Big Mountain.  Mr. Cox, therefore, would have standing in his own right to challenge the Forest Service's actions in this case.  Mr. Cox's own individual standing, moreover, satisfies the requirements for FFRF's associational standing to sue on behalf of its members.

### III. SUMMERS DOES NOT REQUIRE THAT INDIVIDUAL MEMBERS OF AN ORGANIZATION BE NAMED AS PARTIES.

KOC argues incorrectly that individual members of an organization must be named as parties to sustain associational standing.  In fact, the Supreme Court's decision in Summers, and

subsequent Ninth Circuit precedent, clearly recognizes that associational standing can be established by affidavit or declaration of members. Such proof was specifically at issue in Summers, in fact, which the Court acknowledged could be sufficient to sustain standing. The problem in Summers was that the declarations did not show a member with more than a generalized possibility of future contact with the forest area in question. In Summers, the proffered affidavits simply did not meet the requirement articulated for standing, while subsequent affidavits, submitted after the case had gone to judgment, and after notice of appeal had been filed, were not considered. Summers, 555 U.S. at 500.

The Summers decision, nonetheless, does recognize that an organization can meet its burden via a declaration from a member. In Pacific Rivers Council, 2012 U.S. App. LEXIS 12553 at 24-25, the Ninth Circuit also recently found standing based on declarations introduced into evidence in the District Court. Likewise, in Wilderness Society, 622 F.3d at 1256, the Court considered declarations offered in support of organizational standing, which were not deemed insufficient *per se* as a means of satisfying an organization's burden.

Here, the Declaration of Mr. Cox satisfies the standard applicable to establish standing of an individual member, in the Establishment Clause context, thereby supporting FFRF's associational standing.

## IV. THE RELIEF REQUESTED IN THIS CASE DOES NOT REQUIRE THE PARTICIPATION OF INDIVIDUAL MEMBERS IN THE LAWSUIT.

KOC contends without merit that organizational standing is inappropriate in this case because the necessary proof requested requires the participation of individual members as named defendants. Such individual participation, however, is not mandated by the form of the relief requested, i.e., declaratory and injunctive relief against the Forest Service's continued approval of a Jesus statue on public land. This equitable relief is not like a damage award to an individual,

where proof of individual compensatory damages would be necessary. The injury to FFRF's individual members in this case is redressible by the equitable relief demanded in the Complaint.

Individualized proof as to a requested remedy is ordinarily only required where damages are sought. Warth v. Seldin, 422 U.S. 490, 516 (1976), cited in American Baptist Churches v. Meese, 712 F. Supp. 756, 765 (N. D. Cal. 1989). Where, as here, however, an association "seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." Id at 515. Equitable relief, moreover, is particularly suited for group representation. American Baptist Churches, 712 F. Supp. at 765. See also NAACP v. Ameriquest Mortgage Company, 635 F. Supp.2d 1096, 1103 (C. D. Cal. 2009) (rejecting defendant's argument that discrimination allegations required individual participation where prospective injunctive relief was sought; the court concluded that where injunctive relief is sought, individual members need not participate directly in the suit).

The defendants' argument in this case would effectively preclude associational standing as a matter of course. According to the defendants, associational standing requires proof by at least one member of the association that would sustain his own standing. The defendants then try to bootstrap the requirement of such proof to thereby automatically defeat associational standing. In fact, courts have not deemed such individual participation necessary in cases of the sort where declaratory and prospective injunctive relief is sought.

The right to relief in this case is not dependent upon differentiated injury to FFRF's members. As discussed above, standing in Establishment Clause cases arises from unwanted exposure to an offensive religious display. Standing does not depend on any individualized avoidance or unique emotional distress. "The Establishment Clause is primarily aimed at

**Plaintiff's Brief in Opposition to Motion to Dismiss**                                **Page 7 of 10**

protecting non-economic interests of a spiritual, as opposed to a physical or pecuniary nature." Catholic League, 624 F.3d at 1049.  Once standing is established by unwanted exposure to an offensive religious display, therefore, the injury is redressible by the general equitable relief demanded by FFRF on behalf of members in this case.  If two or more individuals were, in fact, named as individual plaintiffs with unwanted exposure to a religious display, moreover, the merits of the lawsuit would not be affected, nor would the remedy be altered or individualized. In Pacific Rivers Council, supra, therefore, the Ninth Circuit most recently affirmed standing in an environmental case where no individual members of an organization were named as parties.

If this Court concludes that an individual FFRF member must be named as a party for purposes of standing, however, then FFRF moves alternatively for leave to file an Amended Complaint that names William Cox as a plaintiff.  The Amended Complaint will also include specific allegations based on the statements made by Mr. Cox in his Declaration.  In addition, such an Amended Complaint will specifically identify other FFRF members with unwanted exposure to the Jesus statue, including Pamela Morris of Corvallis, Montana; Doug Bonham of Essex, Montana; and Kelly Thibault of Miles City, Montana.  (A proposed Amended Complaint with the referenced allegations is filed herewith.)

FFRF conditionally moves the Court for leave to file the proposed Amended Complaint, even though FFRF does not consider such an amendment to be essential.  At the status hearing before the Court on June 5, 2012, moreover, the Court was not understood to have ordered such an amendment, but plaintiffs' counsel, Attorney Bolton, did agree that he would identify specific members with unwanted exposure to the Jesus statue.  In fact, Attorney Bolton neglected to provide those identifications, but that oversight has now been corrected, including with the Declaration of William Cox in support of standing.  In the interest of judicial efficiency,

therefore, the Court should deny the Motion to Dismiss by KOC. A new action could be re-filed on behalf of Mr. Cox in his individual capacity, and with FFRF as a representative organization, in any event, so no dispositive effect will result from KOC's motion.

## V. CONCLUSION.

For all the above reasons, FFRF requests the Court to deny KOC's Motion to Dismiss, or alternatively, to grant FFRF's Motion for Leave to File the Amended Complaint submitted herewith.

Dated this 7th day of August, 2012.

> Martin S. King, Esq.
> Worden Thane P.C.
> 111 North Higgins, Suite 600
> P.O. Box 4747
> Missoula, MT 59806
> Telephone: (406) 721-3400
> Facsimile: (406) 721-6985
> E-Mail:
>
> /s/ Richard L. Bolton
> Richard L. Bolton, Esq.
> Boardman & Clark LLP
> 1 South Pinckney Street, 4th Floor
> Madison, WI 53701-0927
> Telephone: (608) 257-9521
> Facsimile: (608) 283-1709
> E-Mail: rbolton@boardmanclark.com
> Attorneys for Plaintiff

CERTIFICATE OF SERVICE

  I hereby certify that on August 7, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification electronically to all attorneys of record.

                */s/Richard L. Bolton*
                Richard L. Bolton

F:\DOCS\WD\26318\31\A1464198.DOCX