**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.,** A Wisconsin Non-Profit Corporation | |
| *Plaintiff,* **v.** | |
| **CHIP WEBER,** Flathead National Forest Supervisor, and **UNITED STATES FOREST SERVICE,** an Agency of the United States Department of Agriculture | **Case No. 9:12-cv-00019-DLC** |
| *Defendants,* **and** | |
| **WILLIAM GLIDDEN, RAYMOND LEOPOLD, NORMAN DEFORREST, EUGENE THOMAS,** AND THE **KNIGHTS OF COLUMBUS** (Kalispell Council No. 1328), | |
| *Intervenor-Defendants.* | |

---

*AMICI CURIAE* BRIEF OF MEMBERS OF THE UNITED STATES CONGRESS AND
THE AMERICAN CENTER FOR LAW AND JUSTICE
IN SUPPORT OF DEFENDANTS

Richard M. Baskett
Baskett Law Office
210 North Higgins Ave, Suite 234
Missoula, MT 59802
Phone: (406) 549-1110
Fax: (406) 642-7037

Jay Alan Sekulow*
Stuart J. Roth*
AMERICAN CENTER FOR
    LAW & JUSTICE
201 Maryland Ave., N.E.
Washington, D.C. 20002
Phone:  (202) 546-8890
Fax: (202) 546-9309

Cecilia D. Noland-Heil*
Laura B. Hernandez*
AMERICAN CENTER FOR
    LAW &JUSTICE
1000 Regent University Dr.
Virginia Beach, VA 23464
Phone: (757) 226-2489
Fax: (757) 226-4574
CHeil@aclj.org

*Counsel for Amici Curiae
* - not admitted before this court*

## CORPORATE DISCLOSURE STATEMENT

The ACLJ is a non-profit legal corporation dedicated to the defense of constitutional liberties secured by law. The ACLJ has no parent corporation and issues no stock.

# TABLE OF CONTENTS

INTEREST OF *AMICI* ........................................................................................1

ARGUMENT ......................................................................................................3

    FFRF's Claim Should Be Dismissed Because FFRF Fails to Allege a
    Cognizable Injury Under the Supreme Court's Article III Standing
    Jurisprudence..............................................................................................3

CONCLUSION ................................................................................................10

CERTIFICATE OF COMPLIANCE WITH RULE 7.1(D).........................................11

## TABLE OF AUTHORITIES

*Barnes-Wallace v. City of San Diego*,
    530 F.3d 776 (9th Cir. 2008).................................................................................5

*Books v. Elkhart County*,
    401 F.3d 857 (7th Cir. 2005)................................................................................5

*Buono v. Norton*,
    371 F.3d 543 (9th Cir. 2004)................................................................................3

*Cooper v. United States Postal Service*,
    577 F.3d 479 (2d Cir. 2009)................................................................................6

*Freedom from Religion Found., Inc. v. Perry*,
    11-2585, 2011 U.S. Dist. LEXIS 82870 (S.D. Tex. July 28, 2011)..............6, 7

*Freedom From Religion Foundation, Inc. v. Obama*,
    641 F.3d 803 (7th Cir.  2011)............................................................................5, 6

*Hutto v. Davis*,
    454 U.S. 370 (1982) ...........................................................................................3

*Illinois Dep't of Transportation v. Hinson*,
    122 F.3d 370 (7th Cir. 1997)...............................................................................9

*Jaffree v. Board of School Comm'rs*,
    459 U.S. 1314 (1983).........................................................................................3

*Lewis v. Casey*,
    518 U.S. 343 (1996) ...........................................................................................8

*Marbury v. Madison*,
    5 U.S. 137, 1 Cranch 137 (1803) .......................................................................4

*Nat'l Endowment for the Arts v. Finley*,
    524 U.S. 569 (1998) ...........................................................................................7

*Steele Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998)..............................................................................................3

*Schlesinger v. Reservists Comm. to Stop the War*,
   418 U.S. 208 (1974) ........................................................................3, 4, 5, 8

*United States v. Richardson*,
   418 U.S. 166 (1974) .........................................................................4, 5, 9

*Valley Forge Christian College v. Americans United for Separation of Church &
State*,
   454 U.S. 464 (1982) ........................................................... *passim*

*Washegesic v. Bloomingdale Pub. Schs.*,
   33 F.3d 679 (6th Cir. 1994) .......................................................................5

iv

## INTEREST OF *AMICI*

Amici, United States Members of Congress, Denny Rehberg (MT), Dan Burton (IN), Michael Conaway (TX), Chip Cravaak (MN), J. Randy Forbes (VA), Virginia Foxx (NC), Vicky Hartzler (MO), Bill Johnson (OH), Walter Jones (NC), John Kline (MN), James Lankford (OK), Cathy McMorris Rodgers (WA), Jeff Miller (FL), Sue Myrick (NC), Alan Nunnelee (MS), Dennis Ross (FL), Steve Scalise (LA), and Lynn Westmoreland (GA) are currently serving in the One Hundred Twelfth Congress.

Amicus, the American Center for Law and Justice (ACLJ) is an organization dedicated to the defense of constitutional liberties secured by law. ACLJ attorneys have argued or participated as amicus curiae in numerous cases involving the Establishment Clause. *See, e.g., Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000) (counsel of record); *Van Orden v. Perry*, 545 U.S. 677 (2005) (amicus curiae). The ACLJ has represented nearly two dozen governmental entities in cases involving the defense of public displays of religious symbols, including the following reported cases: *City of Elkhart v. Books*, 532 U.S. 1058 (2001) (Rehnquist, C. J., with whom Scalia and Thomas, J. J., join, dissenting from denial of cert.) (Fraternal Order of Eagles Ten Commandments Monument in front of city hall); *ACLU of Ohio Found., Inc. v. Ashbrook*, 375 F. 3d 484 (6th Cir. 2004) (Ten Commandments poster in courtroom display); *ACLU Neb. Found. v. City of*

1

*Plattsmouth*, 358 F. 3d 1020, *rehearing granted*, 2004 U.S. App. LEXIS 6636 (8th Cir. Neb., Apr. 6, 2004) (Fraternal Order of Eagles monument in city park); *Freedom From Religion Foundation, Inc. v. City of Marshfield*, 203 F. 3d 487 (7th Cir. 2000) (statue of Jesus Christ in city park); *ACLU v. Mercer County*, 240 F. Supp. 2d 623 (E. D. Ky. 2003) (Decalogue included in Foundations of American Law and Government courthouse display); *Schmidt v. Cline,* 127 F. Supp. 2d 1169 (D. Kan. 2000) (In God We Trust poster in county treasurer's office). The ACLJ has developed a special expertise in this area which would be of benefit to resolving the issues concerning the Knights of Columbus' statue of Jesus in the Flathead National Forest.

This brief is also filed on behalf of the ACLJ's Committee to Defend the Jesus Statue War Memorial which consists of over 96,000 Americans who support veterans' memorials and who oppose efforts to strip from public property recognitions of history and heritage that contain religious symbolism.

*Amici* have dedicated time and effort to defending and protecting Americans' First Amendment freedoms.  It is this commitment to the integrity of the United States Constitution that compels them to oppose Freedom From Religion Foundation (FFRF)'s efforts to remove the Flathood National Forest statue of Jesus.

## ARGUMENT

Amici agree with the Knights of Columbus that Freedom from Religion Foundation's (FFRF) failure to name specific members who have been "offended" by the Whitefish Mountain Resort statue is fatal to their case. Even if FFRF were able timely to name offended members, however, FFRF still lacks standing because the injury it alleges is nothing more than hurt feelings which is not cognizable under the Supreme Court's Article III standing jurisprudence.

## FFRF'S CLAIM SHOULD BE DISMISSED BECAUSE FFRF FAILS TO ALLEGE A COGNIZABLE INJURY UNDER THE SUPREME COURT'S ARTICLE III STANDING JURISPRUDENCE.

The basis for FFRF's alleged injury is nothing more than offended observer standing, and offended observer standing[1] is irreconcilable with the United States Supreme Court's decisions in *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 485 (1982), *Steele Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("psychic satisfaction . . . does not redress a cognizable Article III injury"), *Schlesinger v. Reservists Comm. to*

---

[1]Although the Court of Appeals for the Ninth Circuit has adopted offended observer standing under limited circumstances, *see e.g., Buono v. Norton*, 371 F.3d 543 (9th Cir. 2004), this Court is obligated to follow the decisions of the United States Supreme Court when they are directly on point. *Jaffree v. Board of School Comm'rs*, 459 U.S. 1314, 1316 (1983) (district court required to follow Supreme Court Establishment Clause cases). *Hutto v. Davis,* 454 U.S. 370, 375 (1982) (Supreme Court precedent must be followed by lower federal courts).

*Stop the War*, 418 U.S. 208, 222 (1974) and *United States v. Richardson*, 418 U.S. 166, 179-80 (1974).

*Schlesinger* and *Richardson* established that being disturbed by a governmental violation of the Constitution is never enough, by itself, to qualify as a concrete, particularized injury under Article III. *Schlesinger*, 418 U.S. at 220; *Richardson*, 418 U.S. at 176-77. *See also Richardson,* 418 U.S. at 191 (Powell, J., concurring) ("The power recognized in *Marbury v. Madison,* 5 U.S. 137, 1 Cranch 137 (1803), is a potent one. Its prudent use seems to me incompatible with unlimited notions of taxpayer and citizen standing").

In *Valley Forge,* the principles articulated in *Richardson* and *Schlesinger* were applied to claims brought to enforce the Establishment Clause. The Court specifically held as insufficient to establish standing an injury consisting of no more than "the psychological consequence presumably produced by observation of conduct with which one disagrees." 454 U.S. at 485. The *Valley Forge* Court repudiated the notion that offense at alleged Establishment Clause violations is somehow distinguishable from the offense suffered by the plaintiffs in *Schlesinger* and *Richardson. Id.* The court knew of "no principled basis on which to create a hierarchy of constitutional values or a complementary 'sliding scale' of standing." *Id*. at 484-85. The Court noted further that "the proposition that all constitutional provisions are enforceable by any citizen simply because citizens are the ultimate

4

beneficiaries of those provisions has no boundaries." *Id.* at 485 (quoting *Schlesinger*, 418 U.S. at 227). Offended observer standing is thus irreconcilable with the Court's clear teaching in *Valley Forge*, *Steele Co.*, *Schlesinger*, and *Richardson*, because "it treats observation *simpliciter* as the injury." *Books v. Elkhart County*, 401 F.3d 857, 871 (7th Cir. 2005) (Easterbrook, J., dissenting).

The Seventh Circuit recently has recognized that offended observer standing is irreconcilable with *Valley Forge*. In *Freedom From Religion Foundation, Inc. v. Obama*, 641 F.3d 803 (7th Cir. 2011), the court vacated the judgment of a district court for lack of a justiciable controversy in an Establishment Clause challenge to the President's proclamation of a National Day of Prayer. Noting that, under this Court's precedents, "hurt feelings differ from legal injury," the Seventh Circuit held that "unless all limits on standing are to be abandoned, a feeling of alienation cannot suffice as injury in fact." *Id.* at 807.

Other individual federal appellate judges have noted offended observer standing's conflict with *Valley Forge,* and *Schlesinger. See, e.g.*, *Barnes-Wallace v. City of San Diego*, 530 F.3d 776 (9th Cir. 2008) (Kleinfeld, J., dissenting) ("*Valley Forge* holds that 'psychological' injury caused by 'observation' of 'conduct with which one disagrees' is not a concrete injury to a legally protected interest sufficient to confer standing . . . . Thus being there and seeing the offending conduct does not confer standing"); *Washegesic v. Bloomingdale Pub.*

*Schs.*, 33 F.3d 679, 684-85 (6th Cir. 1994) (Guy, J., concurring) ("discussion of 'psychological damage' establishes—not religion—but a class of 'eggshell' plaintiffs of a delicacy never before known to the law"); *Cooper v. United States Postal Service*, 577 F.3d 479, 489 (2d Cir. 2009) (footnote omitted) ("Standing is often a tough question in the Establishment Clause context, where the injuries alleged are to the feelings alone.  This is often the case in religious display cases where the fact of exposure becomes the basis for injury and jurisdiction.").

Several federal courts have recently dismissed FFRF's complaints for lack of standing when the FFRF filed suit challenging alleged government actions based on "offense." *See, e.g.*, *Freedom From Religion Foundation, Inc. v. Obama*, 641 F.3d 803 (7th Cir.  2011) (dismissing FFRF's complaint against the President's National Day of Prayer proclamation because "no one is obliged to pray, any more than a person would be obliged to hand over his money if the President asked all citizens to support the Red Cross and other charities . . . [t]he President has made a request; he has not issued a command," and hurt feelings differ from legal injury. The 'value interests of concerned bystanders' do not support standing to sue." *Id.* at *4-7); *Freedom from Religion Found., Inc. v. Perry*, 11-2585, 2011 U.S. Dist. LEXIS 82870 (S.D. Tex. July 28, 2011) (dismissing FFRF's complaint against Governor Perry's call for a day of prayer because they merely "assert[ed] "value

interests of concerned bystanders" or a "generalized grievance available to the public at large." Such allegations were "inadequate to confer standing." *Id.* at *5).

Offended observer standing is flawed for other reasons as well. For example, it confers a unique privilege on separationist plaintiffs. Although there are doubtless myriad ways in which government speech or displays might offend various citizens, only those who bring an Establishment Clause claim are allowed to make a federal case out of their offense. For example, a devout Christian viewing a government-funded depiction of a crucifix immersed in urine[2] might suffer an affront to his spiritual values that is no less profound than the offense suffered by the strict separationist plaintiff who observes a religious statue on government property. Devout Jews might suffer an affront to their spiritual values from viewing a public television show espousing the view that the City of Jerusalem should be ceded in its entirety to the Palestinians as part of a Mid-East peace accord. Finally, there can be no doubt of the widespread offense that would result from the government's public execution of a convicted felon. *See Valley Forge*, 454 U.S. at 489 n.26 (listing imposition of capital punishment and implementation of affirmative action as "but two among . . . many possible examples" of government action that could trigger claims "on the basis of a

---

[2] *See Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 574 (1998) (challenged statute enacted after NEA funded "art" depicting crucifix immersed in urine).

personal right to government that does not [violate] commands in the Constitution"). Yet, offended observer standing is not available to any of these citizens; it accords standing only to a narrow category of separationist plaintiffs who claim offense at an alleged Establishment Clause violation.

Under a proper reading of *Valley Forge,* however, it does not matter how severe the offense to spiritual or other personal values or how unconstitutional the alleged government conduct is. *Id.* at 484 (rejecting argument that "Article III burdens diminish as the importance of the claim on the merits increases"). The plaintiff must show that he personally suffered a "distinct and palpable" injury apart from mere offense at exposure to the government conduct. *Id.* at 488.

Offended observer standing also encroaches upon the separation of powers. The Supreme Court repeatedly has said that lax standing requirements lead to judicial invasion into the province of the politically accountable branches of government. *E.g.*, *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("the doctrine of standing . . . prevents courts of law from undertaking tasks assigned to the political branches"). Offended observer standing sweeps sizable categories of otherwise politically accountable government action into judicially reviewable litigation.

Moreover, "[t]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing." *Schlesinger*, 418 U.S. at

227; *accord Valley Forge*, 454 U.S. at 489 (quoting same language in denying standing to bring Establishment Clause claim). "Any other conclusion would mean that the Founding Fathers intended to set up something in the nature of an Athenian democracy or a New England town meeting to oversee the conduct of the National Government by means of lawsuits in federal courts." *Richardson*, 418 U.S. at 179.

In any event, worst case scenarios have a way of generating political consequences. As the Supreme Court observed in *Richardson*, "[s]low, cumbersome, and unresponsive" as that system "may be thought at times," "the political forum" and "the polls" remain available for the pursuit of redress. *Id*. And if worst case hypotheticals sufficed to overturn limits on standing, then *Valley Forge* should have come out the other way, as little imagination is needed to conjure up unconstitutional government land transfers or workshops on religion.

"Hurt feelings" standing, while a boon for "'cause mongers,'" *Illinois Dep't of Transportation v. Hinson*, 122 F.3d 370, 373 (7th Cir. 1997) (internal quotations omitted), is a bad idea whose time has not come.

## CONCLUSION

For the foregoing reasons, *Amici* respectfully request that this Court dismiss

FFRF's Complaint with prejudice.


Respectfully submitted,


Richard M. Baskett
Baskett Law Office
210 North Higgins Ave, Suite 234
Missoula, MT 59802
Phone: (406) 549-1110
Fax: (406) 642-7037

Jay Alan Sekulow*
Stuart J. Roth*
AMERICAN CENTER FOR
   LAW & JUSTICE
201 Maryland Ave., N.E.
Washington, D.C. 20002
Phone:  (202) 546-8890
Fax: (202) 546-9309

Cecilia D. Noland-Heil*
Laura B. Hernandez*
AMERICAN CENTER FOR
   LAW &JUSTICE
1000 Regent University Dr.
Virginia Beach, VA 23464
Phone: (757) 226-2489
Fax: (757) 226-4574
CHeil@aclj.org

*Counsel for Amici Curiae*
*\* - not admitted before this court*

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1(d)

The undersigned counsel of record for *Amici* certifies that this brief complies with the type-volume limitation of Rule 7.1(d) because this brief contains 2,093 words, excluding the parts of the brief exempted by Rule 7.1(d).

Dated: August 28, 2012

/s/ Richard M. Baskett
Richard M. Baskett
*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2012, I electronically filed a copy of the foregoing *Amici Curiae* Brief using the ECF System which will send notification of that filing to all counsel of record in this litigation.

Dated: August 28, 2012

/s/ Richard M. Baskett
Richard M. Baskett
*Counsel for Amici Curiae*