IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., a Wisconsin non-profit corporation, | ) ) ) ) ) | CV 12-19-M-DLC |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| CHIP WEBER, Flathead National Forest Supervisor; UNITED STATES FOREST SERVICE, An Agency of the United States Department of Agriculture, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| WILLIAM GLIDDEN, RAYMOND LEOPOLD, EUGENE THOMAS, NORMAN DeFORREST, and the KNIGHTS OF COLUMBUS (KALISPELL COUNCIL 1328), | ) ) ) ) ) ) | |
| Defendant-Intervenors, | ) ) | |

Intervenor-Defendants William Glidden, Raymond Leopold, Norman

DeForrest, Eugene Thomas, and Knights of Colombus (Kalispell Council No.

1

1328) ("Defendants") have moved to dismiss the complaint of Plaintiff Freedom From Religion Foundation, Inc. ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(1) (doc. 37). Plaintiff opposed the motion, but alternatively moved to amend its complaint if necessary (docs. 41, 43). Both motions will be denied. Plaintiff's submission of member William Cox's affidavit will be considered in determining Defendants' motion, and its consideration along with the allegations in the complaint establish standing for Plaintiff in this matter.

## I. Background

Plaintiff sued the United States Forest Service and its supervisor Chip Weber alleging a violation of the Establishment Clause of the First Amendment to the United States Constitution. (Doc. 1 at 2.) Plaintiff seeks declaratory relief that the Forest Service's decision to permit the continued presence of a statue of Jesus Christ located on National Forest Service land within Whitefish Mountain Resort violates the Establishment Clause. Plaintiff also seeks injunctive relief ordering Defendant to withdraw approval of the statue and remove it from Forest Service property. (Doc. 1 at 9-10.)

At the preliminary pretrial conference held on June 5, 2012, the Court inquired whether Plaintiff has any members who recreate at Whitefish Mountain Resort and have contact with the statue. (Doc. 37-1 at 7-8.) Plaintiff's counsel

responded that he would be identifying specific members in an attempt to resolve any standing issues. (Doc. 37-1 at 7-8.) Plaintiff's counsel also stated that he did not believe amendment of the complaint was necessary to establish standing. The deadline for amending pleadings in this case was June 29, 2012. (Doc. 31.) Plaintiff did not amend its complaint prior to the deadline, nor did it provide Defendants or the Court documentation specifying its individual members who had contact with the statue.

Defendants filed their motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on July 31, 2012, arguing Plaintiff lacks standing because it failed to identify any member who was directly offended by the statue, and the time for amendment had passed. (Docs. 37, 38.) Plaintiff responded by submitting a declaration of William Cox, one of its members who had and will continue to have direct and unwelcome contact with the statue, asserting the affidavit satisfies its evidentiary burden. (Doc. 41 at 2.) Plaintiff alternatively filed a motion to amend its complaint if the Court should determine its affidavit is insufficient to meet the standing requirements. (Docs. 43, 44.) Members of Congress and the American Center for Law and Justice filed an *amici curiae* brief in support of Defendants' motion to dismiss (doc. 51.), to which Plaintiff responded (doc. 54). Defendants Chip Weber and United States Forest Service

took no position on any of these motions. (Doc. 47.)

## II. Discussion

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To have standing for injunctive relief under Article III a plaintiff must demonstrate he is under threat of suffering concrete and particularized "injury in fact; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiff has standing because the Court will consider Cox's affidavit whose allegations bolster the complaint above the standing threshold required for this Establishment Clause challenge.

**A. Consideration of the William Cox Affidavit**

Although "lack of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Review for failure to state a claim

4

under 12(b)(6) is generally limited to the complaint, attachments to the complaint, and facts of which the Court may take judicial notice. When reviewing for constitutional standing, however, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). Additionally, the enhanced pleading standards required by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "are ill-suited to application in the constitutional standing context" because the merits of a case are not analyzed in determining constitutional standing. *Id.* at 1068.

The Ninth Circuit Court of Appeals considers declarations or affidavits submitted by members of organizations when determining standing. *See Pacific Rivers Council v. United States Forest Service*, 689 F.3d 1012, 1022 (9th Cir. 2012)(Ninth Circuit found standing based on declarations submitted to district court and determined remand for further development of the record was unnecessary); *Wilderness Soc., Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010)(Ninth circuit considered member declarations in deciding organizational standing issue).

Defendants have moved to dismiss Plaintiff's complaint under 12(b)(1),

alleging a lack of associational standing. (Doc. 37 at 1.) The Court is thus permitted to consider the Cox affidavit Plaintiff submitted with its response to Defendant's motion to dismiss. (Doc. 46.) The Court will do so as a matter of judicial efficiency because Plaintiff's proposed amendment of the complaint is not required and standing exists when the facts set forth in Cox's affidavit are considered.

Plaintiff would be required to have good cause to amend its complaint because it sought leave to amend after the deadline set in the pretrial scheduling order. Fed.R.Civ.P. 16(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Although Plaintiff's most recent filing suggests it would prefer amending its complaint to proceeding with the current complaint and affidavit (doc. 54 at 10), it does not supply the requisite good cause for doing so. The sole reason Plaintiff has provided for not filing the affidavit or any amendment within the deadline is its attorney's oversight. (Doc. 41 at 2-3.) As Defendants point out, this reason does not meet the good cause standard Rule 16(b) requires. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)(carelessness does not demonstrate diligence, and a lack of diligence ends the good cause inquiry). Thus, Plaintiff's motion to amend must be denied. If the Court chose not to consider Cox's affidavit, Plaintiff appears to concede it would not have

standing, and its complaint would be dismissed. Plaintiff could then, of course, refile its complaint with sufficient allegations to establish standing. Because this needless delay can properly be avoided by considering Cox's affidavit, the Court will do so.

**B. Establishment Clause Standing**

An organization has standing on behalf of its members when "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 181 (2000).

Regarding the first requirement, to demonstrate standing to sue a member of the organization must show that he has repeatedly visited the area at issue, he has concrete plans to visit again, and his recreational or aesthetic interests would be harmed without the relief requested. *Wilderness Soc.*, 622 F.3d at 1256. Spiritual harm resulting from the member's contact with the religious symbol is sufficient to confer standing–avoidance of the symbol is not required. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1252 (9th Cir. 2007). Cox's declaration meets these requirements. He is a member of FFRF, he lives 15 miles from Whitefish Mountain Resort, he is a frequent skier at the resort who has skied past the statue

many times previously and intends to again this winter, and he is a non-believer who considers the statue religious in nature and offensive. (Doc. 46.) Cox would have standing to sue in his own right if he were a named plaintiff. As to the second requirement, the parties do not dispute that the interests at stake in this matter are germane to Plaintiff's organizational interests.

Regarding the third requirement, individual participation of members is generally not required when the plaintiff only seeks declaratory or injunctive relief. *Warth v. Seldin*, 422 U.S. 490, 515-516 (1975). Indeed, associational standing often rises or falls based on the nature of the relief sought. *Id.* "If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.*

Plaintiff only requests declaratory and injunctive relief in this case–not damages. Individual member participation is not likely to be required. Moreover, because no individualized avoidance or particular emotional distress must be proved to establish standing, the injury outlined in the Cox affidavit is redressible by the general equitable relief Plaintiff seeks for all its members. *Vasquez*, 487 F.3d at 1252. The facts underlying the alleged establishment clause violation are not as complex as Defendants would like to make them appear. Members of FFRF

8

who ski at Whitefish Mountain Resort are offended by the Jesus statue. Cox's allegations are sufficient to confer standing, and extensive discovery into each member's contact with the statue is unnecessary for this associational standing case.

### III. Conclusion

In sum, the Court may and will consider Cox's affidavit submitted by Plaintiff in response to Defendants' motion to dismiss. Plaintiff does not establish good cause for missing the amendment deadline so its motion to amend must be denied under Rule 16(b). Plaintiff has standing to proceed in its establishment clause challenge because Cox would have standing to sue in his own right, the interests here are germane to the Plaintiff's purpose, and neither the claim asserted nor the relief requested necessarily requires participation of Plaintiff's individual members.

In accordance with the foregoing, IT IS ORDERED

1. Defendant Intervenors' Motion to Dismiss (doc. 37) is DENIED.
2. Plaintiff's Motion for Leave to File Amended Complaint (doc. 43) is DENIED.

Dated this 27th day of November, 2012.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court

9