UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

---

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., a Wisconsin Non-Profit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHIP WEBER, Flathead National Forest Supervisor, <br><br> and <br><br> UNITED STATES FOREST SERVICE, an Agency of the United States Department of Agriculture, <br><br> Defendants, <br><br> and <br><br> WILLIAM GLIDDEN, RAYMOND LEOPOLD, NORMAN DEFOREST, EUGENE THOMAS, and the KNIGHTS OF COLUMBUS (Kalispell Council No. 1328), <br><br> Intervenor-Defendants. | Case No. CV 12-19-M-DLC |

---

### DECLARATION OF PAMELA MORRIS

---

I, Pamela Morris, do hereby declare under penalty of perjury as follows:

1  /PM/

1.   I am a third generation Montanan who knows and values our natural heritage. For over 60 years, I have skied, camped, hiked and fished in the mountains of Montana.

2.   I am a member of the Freedom From Religion Foundation, which I joined after learning of their opposition to the religious icon located on public land on Big Mountain.

3.   I contacted the Freedom From Religion Foundation on January 28, 2012, when I heard that they were intending to file a lawsuit objecting to the Big Mountain statute.

4.   I subsequently communicated my willingness to join in a lawsuit and subsequently agreed to join as a member shortly before the present lawsuit was filed.

5.   On November 14, 2011, I previously had sent a message to the Forest Service strongly protesting allowing a religious icon on federal lands. My letter to the Forest Service stated as follows:

> Remove this public religious display from public lands, and confirm the practice that public lands are not to be used to promote any particular ideology. No trade of lands, either, as this is a public view that all deserve to enjoy in its natural state. Such a display is <u>pollution</u>, as it is both artificial not environmentally beneficial. No revenue is forthcoming from this to off-set the cost of use. Permitting this statue is partisanship. Selling or trading public lands to any religious entity violates separation of church and state. This Catholic statue is a poor precedent: once allowed to continue, other special interest groups can use this gesture also to use public lands to display their own individual totems.

6.   The Jesus Statue on Big Mountain reminds me of my first encounter with it during Christmas break in 1957, as a member of the Great Falls, Montana, ski team in my



first major winter outing in the mountains, skiing Big Mountain. I felt the natural, grand, glorious (yes, spiritual) beauty. But to me, the statue felt startlingly out of place: intrusive. I was 15, active in the Methodist Youth Fellowship; still, I remember the unsettled feeling I first had when I saw it. Since then I have avoided the area: I backpack, fish and camp where nature has not been so violated in Montana.

7. My father was a founder of Showdown Ski Area, south of Great Falls, Montana. My father also built up the business his own father started into the largest sporting goods store within well over 500 miles, known as Morris Sporting Goods in Great Falls, Montana. From this background, I grew up appreciating the outdoors and have continued to recreate regularly, skiing as recently as just last February.

8. I have skied many areas in Montana throughout my life, but, yes, would definitely enjoy skiing Big Mountain again if it were a welcome site for all who love nature. The Jesus Statue, however, is an intrusive icon, and therefore, I do avoid Big Mountain.

9. Recreation is still a valuable part of Montana. People are drawn here because of our natural beauty. I hope to protect our public lands from the intrusion of partisan artificial icons: to protect the interests of all citizens, especially those of us who love Montana.

10. I taught English and mythology (comparative religion) for 30 years in Billings, Montana. I am committed to preserving our First Amendment rights. The imposition of one sect's values on the rest of the citizenry violates the First Amendment. I would support any religious group's efforts to build on <u>private</u> land, including a mosque

3

in my neighborhood, but I oppose any building on public land. Much of my teachers' retirement funds are generated from money gained through the lease of public land, I understand, but this Jesus Statue does not even generate revenue.

11. I object strongly to using or trading public land in order to accommodate a particular religious expression, such as the Big Mountain statute. For that reason, I myself contacted the Freedom From Religion Foundation asking how we might put pressure on Representative Rehberg in order to stop his land trade legislative proposal.

12. I consider myself a spiritual, but not religious person, and not "Christian." I am a member of the Unitarian Universalist's "Church of the Larger Fellowship," and I have close connections to both Billings and Missoula communities, as well as my hometown of Great Falls and the rest of North Central Montana.

13. Finally, in summary, as I previously indicated, I have made a conscious effort to avoid Big Mountain because of the Jesus Statue, which I perceive as a Christian icon on public land that has the effect of promoting one particular religious sect.

I declare that all statements herein were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment or both under Section 1001 of Title 18 of the United States Code.

Dated February 7, 2013.

*Pamela Morris*
Pamela Morris

F:\DOCS\WD\26318\31\A1590122.DOCX